1   **WO**

2

3

4                   **IN THE UNITED STATES DISTRICT COURT**

5                      **FOR THE DISTRICT OF ARIZONA**

6   **PEDRO LEAL-CASTRO,**                          )
                                                     )   **No. CR 02-1273-TUC-SMM**
7                            **Petitioner,**          )   **CV 04-2107-TUC-SMM(CRP)**
                                                     )
8           **v.**                                    )
                                                     )   **REPORT AND**
9   **UNITED STATES OF AMERICA,**                     )   **RECOMMENDATION**
                                                     )
10                          **Respondent.**           )
    _____)

11

12          Pending before the Court is Defendant Pedro Leal-Castro's Motion to Vacate, Set

13   Aside or Correct Sentence by a Person in Federal Custody, 28 U.S.C. § 2255. (CR

14   Docket # 121).[1]  The Government has filed a Response (CR Docket #125).  Defendant

15   has not filed a Reply. Defendant argues that he is entitled to relief on four bases: 1) that

16   *Blakely* constitutes new constitutional law that should justify a downward departure; 2)

17   that his counsel was ineffective when he failed to seek a downward departure under the

18   "fast track" guidelines; 3) that his counsel was ineffective when he failed to seek a

19   downward departure based on Defendant's status as a deportable alien; 4) that Defendant's

20   minor role in the offense entitled him to downward adjustment. (Defendant's Motion, p.

21   5.)

22          Pursuant to the Rules of Practice of this Court, this matter was referred to

23   Magistrate Judge Pyle for a report and recommendation.  For the following reasons, the

24   Magistrate Judge recommends that the District Court, after its independent review of the

25   record, enter an order denying the motion.

26          Ordinarily, a court must conduct a hearing on a motion unless it "and the files and

27

28          [1] Clerk's criminal case record number.

1  records of the case conclusively show that the petitioner is entitled to no relief..." 28

2  U.S.C. § 2255.  The motion, as well as the files and records, do conclusively establish that

3  the Defendant is not entitled to relief. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th

4  Cir. 1989).  Thus, no hearing is required to rule on the present Motion.

5  **I. PROCEDURAL BACKGROUND**

6        On February 4, 2003, Defendant, by way of grand jury, was charged in a

7  superceding indictment on16 counts: 1) three counts of transportation of illegal aliens

8  resulting in death in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) & (a)(1)(B)(iv) (Counts 1-

9  3); five counts of transportation of illegal aliens resulting in life placed in jeopardy in

10 violation of 8 U.S.C. § 1324(a)(1)(A)(ii) & (a)(1)(B)(iii) (Counts 4-8); and eight counts of

11 bringing illegal aliens to the United States in violation of 8 U.S.C. § 1324(a)(2)(B)(ii)

12 (Counts 9-16).

13       On November 3, 2003, Defendant pled guilty to Counts 1 through 3 and 9 through

14 11 of the indictment.  In the plea agreement, the Defendant agreed to waive his right to

15 withdraw from the plea and "any right to appeal or collaterally attack any matter

16 pertaining to this prosecution and sentence if the sentence imposed is consistent with the

17 terms of this agreement." (CR Docket # 124, Government's Response, p. 3.)

18       At the change of plea hearing, the Court carefully explained to the Defendant the

19 significance of the waiver of appeal rights.

20     THE COURT: Now, if you - - if I sentence you in accordance with the plea
    agreement, you give up any rights you have to take an appeal, to try and withdraw
21     from the plea agreement, or to collaterally attack this matter, or to seek
    reimbursement for your attorneys' fees.  Do you understand all that?
22     THE DEFENDANT: Yes
    THE COURT: Now, that means if you were to go to trial and you were convicted
23     by a jury, you would have the right to appeal each and every decision I make in
    this case to the Ninth Circuit Court of Appeals, but to plead guilty under these
24     terms and conditions you'd have to give up that right to take that appeal to the
    Ninth Circuit Court of Appeals.  Do you understand that?
25     THE DEFENDANT: Yes.
    THE COURT: And a collateral attack is very much - - it's a writ of habeas corpus
26     or some writ under the All Writs Act seeking to set aside your conviction or
    challenging your conviction or any defense you have, and you're giving up your
27     right to file that.  And a writ of habeas corpus is very much like a writ of amparo in
    Mexico.  It's not the same but it's similar.  It's a document petitioning the Court to
28     stop the prosecution, to set your conviction aside or to get you out of jail.  But

1    you're giving up your right to take that at this time by pleading guilty.  Do you understand that?

2    THE DEFENDANT: Yes.

3    ...
     THE COURT: And do you understand your rights to take an appeal or to file a writ of habeas corpus or some writ under the All Writs Act, as well as making a claim

4    for attorneys' fees in this case?
     THE DEFENDANT: Yes.

5    THE COURT: And you wish to enter those pleas of guilty knowing you're giving up all those rights and those privileges?

6    THE DEFENDANT: Yes.

7    (Record, Transcript of Change of Plea, November 3, 2003, p. 15-6, 21.)

8        On April 5, 2004, the Court sentenced the Defendant to concurrent sentences of 51

9    months of imprisonment on Counts 1, 2, 3, 9 and 10, and to 60 months imprisonment on

10   Count 11, followed by three years of supervised release.  (Government's Response, p. 3.)

11   This sentence was consistent with the terms of the plea agreement. (See CR Docket #

12   124.)        On December 9, 2004, Defendant filed a motion to vacate, set aside, or

13   correct sentence pursuant to 28 U.S.C. § 2255.  The Government filed its response on

14   March 3, 2005at Motion is currently in front of the Court.

15   **II. DISCUSSION**

16       A motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255

17   provides a remedy for those prisoners

18       in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was

19       imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the

20       sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...

21   28 U.S.C. § 2255.

22       In the present case, Defendant asserts 1) that *Blakely* constitutes new constitutional

23   law that should justify a downward departure; 2) that his counsel was ineffective when he

24   failed to seek a downward departure under the "fast track" guidelines; 3) that his counsel

25   was ineffective when he failed to seek a downward departure based on Defendant's status

26   as a deportable alien; 4) that Defendant's minor role in the offense entitled him to

27   downward adjustment. (Defendant's Motion, p. 5.)

28

1          The Defendant agreed to waive "any right to raise on appeal or to collaterally

2    attack any matter pertaining to this prosecution and sentence if the sentence imposed is

3    consistent with the terms of this agreement." (CR Docket # 124.)  The Defendant alleges

4    ineffective assistance of counsel at the time of sentencing.  This is in fact a challenge to

5    his sentence.  Defendant's other two claims, that *Blakely* justifies a downward departure

6    and that his minor role entitles him to downward adjustment, are also challenges to his

7    sentence.  The waiver in the plea agreement should apply.   A knowing and voluntary

8    waiver of rights under 28 U.S.C. § 2255 is enforceable. *United States v.* Abarca, 985 F.2d

9    1012 (9th Cir. 1993), *cert. denied*, 508 U.S. 979 (1993).  Such a waiver will be enforced as

10   long as the plea agreement expressly makes the waiver. *United States v. Nunez*, 223 F.3d

11   956, 959 (9th Cir. 2000);*United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

12          The waiver would not apply if it were not entered into knowingly and voluntarily.

13   *See Abarca,* 985 F.2d at 1014.  There is no evidence of this in the present case.  As was

14   discussed above, the Defendant engaged in dialogue with the Court about his rights and

15   that accepting the plea agreement would constitute a waiver of those rights. (Record, p.

16   15, 21.)  Similarly, the waiver would not apply if the Defendant were arguing that his

17   counsel was ineffective in either the formation of the plea or the waiver contained therein.

18   However, the Defendant is not making this argument.  Accordingly, the motion should be

19   denied based on the Defendant's waiver.  Alternatively, the motion should be denied on

20   the merits.

21   **A. *Blakely***

22          In his first claim, the Defendant argues that the Court must consider his request for

23   a downward departure due to the recent Supreme Court holding in *Blakely v. Washington*,

24   124 S.Ct. 2531 (2004).   He further argues that *Blakely* applies the *Apprendi* limitation to

25   enhancement of guideline sentencing ranges over the plea agreement. *Id.*

26          *Blakely* requires that "other than the fact of a prior conviction, any fact that

27   increases the penalty for a crime beyond the prescribed statutory maximum must be

28   submitted to a jury and proved beyond a reasonable doubt." *Id.* at 2536   A downward

1  departure is a means by which a court may reduce a defendant's sentence below the

2  prescribed statutory maximum.  Since a downward departure takes the sentence below

3  and not above the prescribed statutory maximum *Blakely* does not apply to them. *See*

4  *United States v. Carey*, 382 F.3d 387, 398 (3rd Cir. 2004), *United States v. Bermudez*,

5  407 F.3d 536, 544-5 (1st Cir. 2005.).  As such, the Defendant is not entitled to relief under

6  *Blakely.*  Furthermore, *Blakely* applies only to those cases that were on direct review and

7  not yet final when it was decided. *Schardt v. Payne*, 414 F.3d 1025 (9th Cir. 2004); *Cook*

8  *v. United States*, 386 F.3d 949 (9th Cir. 2004); *Cooper-Smith v. Palmateer*, 397 F.3d 1236

9  (9th Cir. 2005).  Thus it does not apply retroactively to cases on collateral review. *Id.*  A

10  claim under U.S.C. § 2255 is a collateral attack and the Defendant's sentencing occurred

11  prior to the Supreme Court's ruling and as such any application of *Blakely* to the

12  Defendant's claims would have to be applied retroactively.  Hence, *Blakely* does not apply

13  to the Defendant's claims.[2]

14          If the Defendant intended this to be an ineffective assistance of counsel claim, he

15  has failed to demonstrate how he was prejudiced since his sentence was not enhanced and

16  he received the minimum sentence.  Thus he cannot meet the two-part test as discussed

17  below.

18  **B. Ineffective Assistance of Counsel**

19          Claims two and three made by Defendant are claims for ineffective assistance of

20  counsel.  To succeed on a claim of ineffective assistance of counsel, a defendant must

21  show that (1) his counsel's performance was deficient, and (2) the deficiency prejudiced

22  the Defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *James v. Borg*,

23  24 F.3d 20, 26 (9th Cir. 1994), *cert. denied*, 513 U.S. 935 (1994).  To demonstrate

24  deficient performance, Defendant must show that his counsel's representation fell "below

25

26

27          [2]The Defendant also would not be entitled to any relief under the recent Supreme
Court ruling in *Booker* as that ruling also only applies to cases that are on direct review and

28  not yet final, not cases such as this involving a collateral attack. *United States v. Booker*, 125
S.Ct. 738 (2005).

1    an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  Counsel is

2    "strongly presumed to have rendered adequate assistance and made all significant

3    decisions in the exercise of reasonable professional judgement."  *Id*. at 689–90.  To

4    establish prejudice, Defendant must "show that there is a reasonable probability that, but

5    for counsel's unprofessional errors, the result of the proceeding would have been

6    different."  *Id*. at 694.

7            Defendant asserts an ineffective assistance of counsel claim based on his

8    allegations that his attorney failed to make certain arguments that might have reduced his

9    sentence.  The sentencing result in the present case was neither unfair nor unreliable

10   because the Defendant was sentenced within the sentencing range in the plea agreement.

11   As a matter of law, Defendant's claim of ineffective assistance of counsel related to his

12   sentencing is subject to dismissal on the merits.

13           **1.  Downward Departure under Fast Track**

14           Defendant argues that he is entitled to have his sentence modified and corrected

15   because he complied with the requirements of the fast track program and his attorney

16   acted with ineffective assistance of counsel for having not requested a downward

17   departure.

18           The Government argues that Defendant's case was not entitled to "fast track"

19   treatment because the type of charges involved in his case are not charges entitled to "fast

20   track" treatment.  This case involved three deaths and is hardly the kind of routine case

21   that receives fast track treatment.

22           The "fast track" program is governed by § 5K3.1[3] of the Federal Sentencing

23   Guidelines.  This section provides that the court may depart downward upon motion by

24   the Government.  Defendant was not entitled to the departure without it being requested

25   by the Government.  Thus it was reasonable for his counsel not to argue for it.  Lacking a

26   showing of unreasonable conduct or deficient performance by his attorney, the Defendant

27   _____

28           [3]Defendant cites USSG § 5K2.0 this is the "policy statement" on grounds for
     departure, the "fast track" program is governed by § 5K3.1.

1  has failed to meet the first prong the *Strickland* test and his claim for ineffective

2  assistance of counsel must fail.

3  **2. Downward Departure under Deportable Alien Status.**

4  Defendant requests a downward departure of 2 points as a consequence of his

5  status as a deportable alien.  The Government argues that Defendant's status as a

6  deportable alien was not likely to result in a downward departure given the circumstances

7  of his case.

8  Defendant cites *United States v. Smith* in support of his position that his counsel

9  was ineffective in failing to request a downward departure based on Defendant's status as

10  a deportable alien. 27 F.3d 649 (D.C.Cir. 1994).  In that case the Court held that a

11  downward departure may be appropriate where a defendant's status as a deportable alien

12  is likely to cause a substantial increase in the severity of his sentence. *Id.*  However, *Smith*

13  is an out of circuit opinion that is not binding on this Court and as such it is reasonable for

14  Defendant's counsel not to have presented it.  Furthermore, the Defendant received the

15  statutory minimum sentence of 60 months and thus the Defendant has failed to show that

16  he was prejudiced.  Absent a showing of prejudice, the second prong the *Strickland* has

17  not been met and the Defendant's claim fails.

18  **C. Defendant's minor role in the offense.**

19  Defendant argues that he is entitled to a downward adjustment of the offense level

20  because of his minor role in the offense. The Government argues that Defendant is not

21  entitled to a downward departure because he received the statutory minimum sentence of

22  60 months. The Government also argues that he is procedurally barred from raising it on

23  collateral review since it was not raised at trial or on direct appeal.

24  A defendant seeking habeas relief is procedurally defaulted a claim if it was not

25  raised on direct review. *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604,

26  1611 (1998).  However, this procedural bar can be overcome if the defendant can

27  establish cause to excuse the procedural default and actual prejudice. *Id.* (citing *Murray v.*

28  *Carrier,* 477 U.S. 478, 106 S.Ct. 2639 (1986)); *Wainwright v. Sykes*, 433 U.S. 72, 97

1  S.Ct. 2497(1977).  To show cause, a defendant in a petition for writ of habeas must show

2  that "something *external* to the petitioner" prevented the raising of the claim at an earlier

3  proceeding in which it would not have been barred. *Coleman v. Thompson*, 501, U.S. 722,

4  753, 111 S.Ct. 2546, 2566 (1991).  The Court illustrates with the example of a showing

5  that the factual or legal basis for the claim was not available at a time when it would not

6  have been barred. *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639,

7  2647-8 (1986)).  The Defendant has not made such a showing here.  The cases on which

8  he relies were in existence at the time of his plea and sentencing.  The Defendant has

9  failed to show cause and thus cannot proceed on his procedurally barred claim

10       Were the Defendant intending that this claim be included in his claims for

11  ineffective assistance of counsel, he would still lose.  While the Defendant's

12  memorandum explains that a downward departure is allowable for a defendant's minor

13  role in the offense, it does not explain how his attorney should have performed and in

14  what way his performance was deficient.  The Defendant has failed to satisfy the first

15  prong of the *Strickland* test and so any claim for ineffective assistance must also fail.

16  **III.  RECOMMENDATION**

17       The Magistrate Judge recommends that the District Court, after its independent

18  review of the record, enter an order denying the Motion to Vacate, Set Aside or Correct

19  Sentence pursuant to Title 28, United States Code, Section 2255.  (Docket # 121)

20       Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections

21  within 10 days of being served with a copy of this report and recommendation.  If

22  objections are not timely filed, the party's right to de novo review may be waived. *See*

23  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9 th Cir. 2003) (en banc), *cert.*

24  *denied*, 540 U.S. 900 (2003).  If objections are filed, the parties should direct them to the

25  District Court by using the following case numbers:  CIV-04-2107-PHX-SMM; CR-01-

26  1273-PHX-SMM.

27

28

1         The Clerk is directed to send a copy of this report and recommendation to all

2  parties.

3         DATED this 2nd day of September, 2005.

4

5

6                             CHARLES R. PYLE

7                             UNITED STATES MAGISTRATE JUDGE

8

9

10  CRP
     SMM

11  Pedro Leal-Castro [Pro Se] # 68836-008 Eloy Detention Ctr. 1705 E. Hanna Rd. Eloy, AZ 85231
     AUSA: Joseph E. Koehler, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28